UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GRAY,

       Petitioner,

                                    CASE NO. 05-CV-71608-DT
v.                                     JUDGE GEORGE CARAM STEEH
                                    MAGISTRATE JUDGE PAUL KOMIVES

SHERRY BURT,

       Respondent,
_____/

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss the petition.

II.     REPORT:

A.     *Procedural Background*

Petitioner Steven Gray is a state prisoner confined at the Gus Harrison Correctional Facility in Jackson, Michigan. Petitioner is incarcerated pursuant to his 1986 convictions for first degree murder and possession of a firearm during the commission of a felony. Petitioner was sentenced to a mandatory term of nonparolable life imprisonment on the first degree murder conviction, and a mandatory consecutive term of two years' imprisonment on the felony firearm conviction. Following his conviction, petitioner appealed to the Michigan Court of Appeals. Petitioner raised claims alleging improper jury instructions, prosecutorial misconduct, insufficiency of the evidence, improper admission of prior bad acts evidence, and ineffective assistance of counsel. The Michigan Court of Appeals rejected each of petitioner's claims. *See People v. Gray*, No. 93936 (Mich. Ct. App. Apr. 28, 1988) (per curiam). The Michigan Supreme Court denied petitioner's application for leave to

appeal on October 31, 1988. *See People v. Gray*, No. 83237 (Mich. Oct. 31, 1988).

On November 15, 2002, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508.[1] That motion was denied on January 15, 2003. The Michigan Court of Appeals denied petitioner's application for leave to appeal on September 4, 2003, *see People v. Gray*, No. 248128 (Mich. Ct. App. Sept. 4, 2003), and the Michigan Supreme Court denied petitioner's application for leave to appeal on April 30, 2004, *see People v. Gray*, 470 Mich. 854, 679 N.W.2d 698 (2004).

On April 13, 2005,[2] petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 28, 2005, respondent filed a motion for summary judgment, arguing that the petition is barred by the one-year limitations period governing habeas applications. Petitioner filed a response to the motion on January 12, 2006. For the reasons that follow, the Court should grant respondent's motion for summary judgment and should dismiss the petition.

B.      *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In

---

[1]The copy of the motion for relief from judgment submitted with respondent's Rule 5 materials indicates a filing date of December 3, 2002, although petitioner alleges that it was filed on November 15, 2002. Because it does not affect the limitations analysis, I assume that the motion was filed on the date indicated by petitioner.

[2]Although petitioner's application is file-stamped April 25, 2005, it was dated by petitioner on April 13, 2005. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on April 13, 2005.

relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the first is applicable here, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*,

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, it is clear that petitioner's convictions became final before the enactment of the AEDPA. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until April 13, 2005, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner's motion for relief from judgment was filed November 15, 2002. By this time, however, the limitations had already been expired for over 5½ years. The tolling provision of paragraph (d)(2) stops the limitations period from running; it does not, however, reset the limitations clock. *See McMurray v. Scutt*, 136 Fed. Appx.

4

815, 817 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Because the limitations period had already expired, petitioner's motion for relief from judgment did not toll the limitations period. *See McMurray*, 136 Fed. Appx. at 817; *Vroman*, 346 F.3d at 602. Thus, petitioner's habeas application is untimely.

C.      *Equitable Tolling and Actual Innocence*

Petitioner concedes that the foregoing application of the limitations provision is accurate, but nevertheless argues that his application is not barred because he is entitled to equitable tolling, and because he is actually innocent. The Court should reject these arguments.

        1.      *Equitable Tolling*

The Sixth Circuit has held that the habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly[.]" *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* Petitioner bears the burden of demonstrating his entitlement to equitable tolling.

Here, the Court should conclude that petitioner is not entitled to equitable tolling. Petitioner argues that he is entitled to equitable tolling because he lacked sufficient knowledge of the law to proceed with his claims under the new standards for habeas petitions codified in the AEDPA, and because he was unable to retain counsel to file his habeas petition. However, petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations

period. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Further, even if these were sufficient in general to constitute proper bases for equitable tolling, equitable tolling is available only when a petitioner acts with diligence in pursuing his claims. Even assuming that confusion regarding the AEDPA were a valid basis for delay, petitioner has offered nothing to explain the over seven year delay between the conclusion of his direct appeal and the adoption of the AEDPA, nor the additional nine year delay between the adoption of the AEDPA and the filing of this habeas application. Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

    3.    *Actual Innocence*

Finally, petitioner contends that he is entitled to have his claims heard on the merits, notwithstanding his failure to comply with the limitations provision, because he is actually innocent of the crimes for which he is incarcerated. The Sixth Circuit has recently held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348,

6

350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

In support of his actual innocence claim, petitioner contends that Jerrod Dante Spann could testify that Eddie Bell, who was a witness against petitioner at trial, admitted to Spann that he did the shooting for which petitioner was convicted. Petitioner also contends that Joseph Dwayne Carson could testify that he and petitioner fled the scene of the shooting prior to the murder. There are several reasons why these witnesses, even if they would testify as petitioner alleges they would, are insufficient to constitute the type of "new, reliable" evidence sufficient to show that it is more likely than not that no reasonable juror would have convicted him. First, new statements from witnesses years after the crime are inherently suspect, *see Schlup*, 513 U.S. at 331, and such statements are to be viewed with "a degree of skepticism." *Herrera v. Collins*, 506 U.S. 390, 423 (1993) (O'Connor, J., concurring). At trial, petitioner's counsel cross-examined Bell regarding his alleged admission that he had killed the victim. In addition to the fact of the admission, counsel identified several people who allegedly overheard the admission, include Spann and Carson. *See* Trial Tr., at 393-94. Thus, it is clear that petitioner and his counsel both knew about the Bell's alleged admission, and knew the identities of the people who overheard the admission. While defense counsel sought to present Spann's testimony, Spann could not be located for trial. *See id*. at 483-85. The officer who attempted to locate Spann, however, testified that Spann had been interviewed by the police but had denied having any knowledge of any conversation with Bell. *See id.* at 485.

Petitioner also contends that the police took 14 sets of fingerprint cards from the vehicle in which the victim was driving when he was shot, and that these cards should be submitted to the fingerprint database. However, at the time of trial no fingerprints could be matched other than those

7

of petitioner. And, importantly, the fingerprints did not match those of either Bell or Carson, *see id.* at 380-81, contradicting petitioner's claim that Bell was the shooter.

In addition to being both new and reliable, evidence of actual innocence must be sufficiently persuasive to compel the conclusion "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id.* at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). In light of the evidence at trial–including evidence of petitioner's prior theft and possession of the type of gun used in the crime, the testimony of witnesses that only one person ever approached the car in which the victim was driving, the existence of petitioner's fingerprint inside the car, and the absence of Bell's fingerprints on the car–petitioner's new evidence is insufficient to meet this high threshhold. Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period under the actual innocence exception.

D.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss the petition.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of

any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 2/27/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 27, 2006.

s/Eddrey Butts  
Case Manager