UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GRAY,

      Petitioner,

                                           CASE NO. 05-CV-71608-DT

v.

                                           HON. GEORGE CARAM STEEH

SHERRY BURT,

      Respondent.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (#18), GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (#6), AND DISMISSING PETITIONER'S APPLICATION FOR HABEAS CORPUS (#1)

On May 15, 1986, Petitioner Steven Gray, a prisoner currently incarcerated at the Gus Harrison Correctional Facility in Jackson, Michigan, was convicted of first degree murder and possession of a firearm during the commission of a felony. On April 13, 2005, Petitioner filed this pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging due process violations in the form of improper jury instructions, prosecutorial misconduct, insufficiency of evidence, improper admission of prior bad acts evidence, and ineffective assistance of counsel. Respondent filed a motion for summary judgment on October 28, 2005, contending that Petitioner's application failed to conform to the one-year statute of limitations provision of 28 U.S.C. § 2244(d). On February 27, 2006, Magistrate Judge Paul Komives filed a Report and Recommendation recommending that the court grant Respondent's motion. Petitioner

filed his objections to the report on March 17, 2006.[1] For the reasons set forth below, the court finds that Petitioner's objections lack merit and therefore adopts the Report and Recommendation of the magistrate in its entirety and grants Respondent's motion for summary judgment.

## STANDARD

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C)."  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION

The magistrate thoroughly evaluated Petitioner's application and determined that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Clearly Petitioner filed his 2005 habeas corpus application more than one year after

---

[1] "Within ten days after being served with a copy, any party may serve and file written objections to [the magistrate's] proposed findings and recommendations." 28 U.S.C. § 636 (b)(1)©.  Petitioner's objections were received on March 17, 2006, fifteen business days after the magistrate issued his Report and Recommendation.  Under Federal Rule of Civil Procedure 6(e), three days are added to the ten day period if the Report and Recommendation has been mailed.  Further, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d). See also Fed. R. Civ. P. 5(b)(2)(b) ("Service by mail is complete on mailing.").  Petitioner has failed to include the date of mailing on his response to the Report and Recommendation and the timeliness of his objections is therefore unknown.  It seems likely, however, that Petitioner mailed his response within 13 business days of the magistrate's Report and Recommendation. Further, although failure to timely object to a magistrate's Report and Recommendation when the party is sufficiently notified of the time limit constitutes a waiver of the objection, Thomas v. Arn, 474 U.S. 140 (1985), a court can exercise jurisdiction "in the interest of justice," Kent v. Johnson, 821 F.2d 1220, 1223 (6th Cir. 1987).  Regardless, this court will address Petitioner's objections on the merits.

enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, which is the applicable limitations period for prisoners whose convictions became final prior to the enactment of AEDPA.  See Brown v. O'Dea, 187 F.3d 572, 577 (6th Cir. 1999). Further, Petitioner's 2002 motion for relief from judgment did not serve to toll the limitations period because it had already expired five years earlier, on April 24, 1997. Moreover, Petitioner makes no objection to the finding that his application was untimely; Petitioner contends instead that the limitations period should be equitably tolled.

A. Equitable Tolling

Petitioner's first objection is that his application should be equitably tolled pursuant to the considerations set forth by the Sixth Circuit in Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).  The court in Dunlap held that the one-year limitations period is subject to equitable tolling, but the decision whether to equitably toll the statute requires a consideration of "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  Id. (citing Andrews v. Orr, 851 F.2d 146, 149 (6th Cir. 1988)). Petitioner also cites Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002), for the proposition that the Dunlap factors "are not necessarily comprehensive and they are not all relevant in all cases.  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis."  Although the court does not disagree, the doctrine of equitable tolling must still be applied "sparingly."  Dunlap, 250 F.3d at 1008.  Here, Petitioner's claims do not rise to the level required for an

3

appropriate application of the equitable tolling doctrine.

Petitioner argues that he assumed the statutory limitation in AEDPA did not apply to "older cases." However, the Sixth Circuit clearly held in Brown that petitioners whose convictions had become final prior to the adoption of the AEDPA had one year from the date of the statute's enactment to apply for the writ of habeas corpus. 187 F.3d 572, 576-77 (6th Cir. 1999). Even if there was a confusion among the circuits as to the proper application of AEDPA's limitations period to convictions that became final prior to the statute's enactment, that uncertainty was resolved by the Sixth Circuit in 1999. Petitioner, however, waited six years to file his application. Further, the magistrate's Report and Recommendation correctly points out that "petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations period." See, e.g., Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (citing Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991) (internal quotations omitted) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) ("[I]gnorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements.").

Petitioner also submits two letters in response to the magistrate's conclusion that he did not act diligently in pursuing his claims. One letter, dated November 15, 1995, is addressed to Petitioner and contains information regarding a financial assistance program for prisoner legal services. It appears merely to be an informational letter and Petitioner submits no evidence that he responded or attempted to acquire funding through this program. The second is a letter sent to Petitioner on May 2, 2000, by

Priscilla Cheever, Associate Administrator of the Michigan Appellate Assigned Counsel System, which addresses Petitioner's efforts to file a motion for relief from judgment in Michigan courts.  Although these letters at most demonstrate Petitioner's efforts to obtain legal assistance, they do not demonstrate his diligence in pursuing a timely filed habeas application.  See Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003) (holding that the petitioner pursued his rights in state post-conviction proceedings but "fail[ed] to address his lack of diligence in timely filing a petition for habeas relief").  Moreover, the fact that sixteen years elapsed between Petitioner's final conviction and the filing of this habeas application does not amount to due diligence and is not an instance in which equitable tolling is appropriate.

B. Actual Innocence

Petitioner's second objection is that he is actually innocent of the crimes of which he has been convicted, and that he therefore meets the requirements for the "actual innocence" exception which would allow an evaluation of his claims on the merits, despite the procedural default.  See Souter v. Jones, 395 F.3d 577, 591 (applying the actual innocence exception to failure to comply with the statute of limitations in habeas cases).  As Petitioner himself points out, a claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Schlup v. Delo, 513 U.S. 298, 316 (1995) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)).  In order to maintain a claim of actual innocence, Petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  Schlup, 513

U.S. at 324.  Further, Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327 (internal citation and quotation omitted).

    1. Petitioner objects to the magistrate's finding that new statements from two witnesses who did not testify at his trial, Spann and Carson, are insufficient to show actual innocence.  Petitioner contends that Spann can testify that another man, Bell, admitted to commission of the murder for which Petitioner was convicted.  Further, according to Petitioner, Carson can testify that he was with Petitioner on the night of the murder and walked away from the murder scene with Petitioner before the shooting occurred.  The magistrate, however, was rightly skeptical in evaluating these statements.  First, in order to qualify for the actual innocence exception, new evidence must be "reliable." Id. at 324.  Petitioner, however, offers no evidence to support his statements.  Second, even if such statements are true, conflicting testimony was presented at trial which would have allowed a reasonable juror to convict Petitioner notwithstanding the new evidence.  For example, a police officer testified at trial that Spann had denied that Bell had confessed to him.  Finally, Petitioner himself states that the testimony of Spann and Carson "would cause at least one reasonable juror to find Petitioner not guilty."  Yet Schlup requires that the new evidence result in a determination that no reasonable juror would have found him guilty.  513 U.S. at 327.  Because a reasonable juror might still find Petitioner guilty in light of this new evidence, Petitioner is ineligible for the actual innocence exception.

    2. Petitioner also objects to the fact that his defense counsel could only cross-examine Bell from prior statements Bell had made.  This objection lacks merit because

it does not present any new evidence that would allow any rational juror to find that Petitioner did not commit the crime.

     3. Further, Petitioner objects to the magistrate's conclusion that there is no new fingerprint evidence to be considered.  Although the magistrate refers to the trial transcript in finding that the fingerprints did not match those of Bell or Carson, Petitioner maintains that Bell's fingerprints were not compared to those at the scene of the crime. Petitioner, however, cites no authority for this statement.  Further, the fact that Bell's fingerprints were not compared does not constitute new evidence sufficient to find actual innocence. At the very most that fact might amount to reasonable doubt.  The Supreme Court stated in Schlup, however, that, "[t]he meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Id. at 329.  Even if Bell's fingerprints were found at the scene of the crime, Petitioner's fingerprints were also found and a reasonable juror could conclude from such evidence that it was Petitioner who committed the crime.

     4. Petitioner also maintains that information regarding the victim's credit cards will support a finding of actual innocence.  He fails to present any tangible evidence related to such a claim.  Further, he has failed to outline the importance of this evidence to a finding of his innocence.

     5. Finally, Petitioner claims he is entitled to an evidentiary hearing and discovery regarding new evidence in order to prove that he is actually innocent.  However, an evidentiary hearing is only appropriate when "the claim relies on . . . (i) a new rule of constitutional law or (ii) a factual predicate that could not have been previously

discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254 (e)(2).  Petitioner also cites a Sixth Circuit decision holding that "a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001) (citing Wilson v. Kemna, 12 F.3d 145,146 (8th Cir. 1994).  Ultimately, Petitioner is requesting an evidentiary hearing to show that he is actually innocent when both statute and case law require that he first show his actual innocence and due diligence before an evidentiary hearing is even appropriate.  Because Petitioner has failed to allege sufficient grounds for release even if the new evidence he presents is true, he is not entitled to an evidentiary hearing nor is he entitled to discovery.

## CONCLUSION

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the magistrate's Report and Recommendation as its findings and conclusions in this matter.

It is further ordered that Petitioner's application for writ of habeas corpus is DENIED and respondent's motion for summary judgment is GRANTED.

SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  June 5, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 5, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk