UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN GRAY,

    Petitioner,

v.

SHERRY BURT,

    Respondent.

_____/

Case No. 05-CV-71608

HON. GEORGE CARAM STEEH

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Before the court is a motion for reconsideration filed by *pro se* petitioner Steven Gray, asserting that the court considered "mis-statements of facts concerning information used for the Summary Judgment against Petitioner Gray." Petitioner's motion is in response to the court's June 5, 2006, order accepting the Magistrate's Report & Recommendation and granting respondent's motion for summary judgment, concluding that petitioner failed to file his habeas corpus petition within the applicable statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The court also concluded that petitioner was not eligible for equitable tolling of the limitations period and did not qualify under the "actual innocence" exception to the limitations period.

A court does not grant a motion for reconsideration if it presents only the same issues already ruled on by the court. E.D. Mich. LR 7.1(g)(3). Although petitioner alleges that the court has misstated certain facts, he ultimately raises the same issues

already ruled on by the court in its first order.  Further, petitioner would not be eligible for the actual innocence exception even under his version of the facts.

Petitioner claims that he is actually innocent because two of the witnesses at the scene of the murder, Spann and Carson, can testify that petitioner did not commit the murder and that another man, Bell, confessed to committing the murder.  Petitioner offers no evidence to support these contentions, however.  Petitioner's proffer of expected testimony, without any proof, is unreliable.  See Schlup v. Delo, 513 U.S. 298, 324 (1995) (holding that in order to qualify for the actual innocence exception to the habeas statute of limitations, new evidence must be "reliable").  Furthermore, even if Spann and Carson do testify that petitioner did not commit the murder, a reasonable juror could still distrust their testimony and could conclude from the circumstantial evidence presented at trial that petitioner did in fact commit the crime.  Schlup requires that the new evidence result in a determination that no reasonable juror would have found petitioner guilty with the benefit of the new evidence.  513 U.S. at 327.  The new evidence presented by petitioner is not sufficient to meet this very demanding standard.

Petitioner also claims that there were other fingerprints on the victim's car that were not considered, which will "show the true shooter."  Yet even if that is true and another person's fingerprints were found at the scene of the crime, petitioner does not contest that his fingerprints were also found on the car.  A reasonable juror could therefore conclude from such evidence that it was petitioner who in fact committed the crime.

Petitioner also claims that the victim's credit cards came from Bell, who Petitioner alleges committed the crime.  As the court stated in its initial order granting

2

respondents' motion for summary judgment, petitioner fails to present any tangible evidence related to such a claim.  Further, even with this new evidence, a reasonable juror could still conclude based on the other evidence presented at trial that petitioner committed the crime.

As the court remains persuaded that its decision to deny petitioner's habeas corpus application was correct, and because petitioner has not demonstrated palpable defect in earlier proceedings, petitioner's motion is hereby DENIED.

IT IS SO ORDERED.

Dated:  August 17, 2006

> S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---